A05A1877. LAMPKIN v. THE STATE.
(626 SE2d 199)

RUFFIN, Chief Judge.
A Richmond County jury found Willie Lampkin guilty of aggravated assault, theft by taking, possessing a knife during the commission of a crime, and four counts of armed robbery. Lampkin appeals, asserting that the trial court improperly admitted similar transaction evidence at trial. Finding no error, we affirm.

Lampkin was charged with committing a series of armed robberies in late May and early June 1997, including the June 3, 1997 robbery of Tyzenia McCullar. Construed favorably to the verdict, the evidence showed that McCullar stopped at a First Union drive-through automated teller machine (ATM) around 6:45 a.m. on June

---

3, 1997. As she arrived at the ATM, a man in a gray car was using the machine. The gray car pulled away quickly, and McCullar drove up to the ATM, withdrew $50, and placed it on the seat next to her. A man wearing a dark raincoat wrapped around his face then appeared from behind her, pointed a gun at her head, and demanded money. After McCullar gave him the money, he fled.

Although McCullar provided a general description of the man to police, she was unable to identify her assailant during a photographic lineup. The evidence also showed, however, that mere minutes before McCullar was robbed, an individual unsuccessfully tried to withdraw $200 from the same ATM using a First Union ATM card that had been stolen from V. B. — a rape victim — earlier that morning.

Prior to trial, the State moved to admit evidence regarding the crimes against V. B., which occurred in Columbia County, to help link Lampkin to the McCullar robbery. Testimony showed that V. B. arrived at the Wal-Mart where she worked around 6:00 a.m. on June 3, 1997. As she exited her car, a man wearing a green raincoat with the hood obscuring his face pointed a gun at her, forced her back into the driver's seat, sat behind her, and directed her to drive to the end of a deserted road, where they stopped. The man sodomized and raped V. B., then ordered her from the car and drove away. Before leaving, the man took V. B.'s military identification card, a credit card, her ATM bank card, and some money.

V. B. never saw her assailant's face during the assault. However, another Wal-Mart employee testified that, when she arrived at work at 5:00 a.m. that morning, Lampkin approached her in the parking lot wearing a green raincoat like the one described by V. B. Two other employees arriving for work also saw Lampkin in the parking lot between 5:45 and 5:50 a.m. In addition, the police recovered V. B.'s car and discovered seminal fluid on the driver's side rear door. A subsequent DNA test linked the semen to Lampkin.

On June 5, 1997, the police apprehended Lampkin after a drug store employee observed him cutting the wires to the store's telephone, computer, and alarm system. Officers discovered a gray car registered to Lampkin in the drug store parking lot. A search of the car revealed a black gun identified by both McCullar and V. B. as the gun used by their assailant, a green raincoat identified by V. B. as the jacket worn by her attacker, and V. B.'s military identification card, credit card, and ATM card.

At the similar transaction hearing, the State argued that the Columbia County evidence involving V. B. was admissible to help identify Lampkin as the individual who robbed McCullar. The trial court agreed and admitted the evidence. Lampkin challenges this ruling on appeal, asserting that the Columbia County incident was not factually similar to the Richmond County robbery and thus

should not have been admitted as similar transaction evidence. The crucial test, however, "is not the number of similarities between the . . . incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character."[1] In other words, the State must demonstrate "a sufficient connection *or* similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter."[2]

The trial court did not abuse its discretion in finding a sufficient connection here.[3] McCullar could not identify the individual who robbed her. But just before she used the ATM, someone tried to withdraw money with the ATM card stolen from V. B. earlier that morning. The witness testimony, DNA evidence, and discovery of V. B.'s possessions — including the ATM card — in Lampkin's car tied Lampkin to the Columbia County sexual assaults. And like V. B.'s attacker, the robber who approached McCullar hid his face with a dark-colored raincoat. Finally, the same gun was used against both V. B. and McCullar. Under these circumstances, evidence of the Columbia County crimes was highly relevant to identifying Lampkin as McCullar's assailant.[4]

The State sought to introduce the Columbia County crimes for a proper purpose — identification.[5] It offered sufficient evidence that Lampkin committed the Columbia County offenses.[6] And it demonstrated a significant connection between those crimes and McCullar's robbery such that "proof of the former tend[ed] to prove the latter."[7] Accordingly, the trial court properly admitted the Columbia County evidence at trial.[8]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

---

[1] (Punctuation omitted.) *Card v. State*, 273 Ga. App. 367, 369 (2) (615 SE2d 139) (2005).

[2] (Emphasis supplied.) *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[3] See *Card*, supra ("We will reverse a trial court's decision to admit evidence of a similar transaction only if the court has abused its discretion.").

[4] See *Booker v. State*, 242 Ga. 773, 776 (2) (251 SE2d 518) (1979) (evidence regarding robbery committed during crime spree admissible as similar transaction to help establish defendant's identity with respect to murder committed at another point during the spree).

[5] See *Williams*, supra at 642, n. 2 ("Some of the purposes which have been deemed appropriate [for the admission of similar transaction evidence] are those which demonstrate that the independent offense or act . . . may bear upon the question of the identity of the accused, or articles connected with the offense.").

[6] See *Hefner v. State*, 224 Ga. App. 612, 613-614 (2) (481 SE2d 599) (1997) ("Absolute proof is not required that a defendant committed the offense in a similar transaction. What is required is that there be evidence that the defendant was the perpetrator of the independent crime.") (punctuation omitted).

[7] *Williams*, supra at 642.

[8] See id.; *Rice v. State*, 217 Ga. App. 456, 457-458 (1) (458 SE2d 368) (1995).

DECIDED JANUARY 17, 2006.

*Barbara B. Claridge,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Madonna M. Little, Assistant District Attorneys,* for appellee.