## A08A1558. MORRIS v. THE STATE.
### (667 SE2d 145)

PHIPPS, Judge.

After a jury trial, Jamaal Dushad Morris was convicted of the armed robbery of L. B. On appeal, he contests the sufficiency of the evidence. We affirm.

> The standard of review for sufficiency of the evidence is set out in *Jackson v. Virginia*.[1] The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In addition, appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.[2]

The state's evidence showed the following. About 2:45 p.m. on July 5, 2006, 16-year-old L. B. rode his bicycle to a friend's house on his way to shop at a store. While at the house, L. B. removed from his pocket about $140 he had earned at a fast food restaurant and separated an amount he planned to spend at the store from what he planned to save. After refusing his friend's request to borrow money, L. B. returned the money to his pocket because his friend was looking at it.

L. B. rode to the store, where he purchased a bicycle light and a bicycle lock. As L. B. was riding his bicycle home at about 3:30, a car stopped in front of him. Three men exited, two of them wearing stocking caps over their faces and a third with a shirt wrapped across his face, which shirt fell down when that man exited the car. L. B. was able to see his face and recognized him as a person who had been at his friend's house when L. B. was there earlier that afternoon. The men approached L. B., each pointing a handgun at him. One of the men wearing a stocking cap kicked L. B. and demanded that he "give

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Davis v. State*, 270 Ga. App. 777-778 (1) (607 SE2d 924) (2004) (citation and footnote omitted).

up the cash," while the other two remained silent. L. B. cooperated, and his money ($121), bicycle light, bicycle lock, and identification cards were taken during the heist. The three men fled in the car.

L. B. reported the incident to the police, describing three assailants, their handguns, the car, the items they took, and the location of his friend's house, where he believed the three men might have retreated. Later that day, based upon information obtained during a brief police investigation, a law enforcement officer took L. B. to that house. There, L. B. identified two of the men who had robbed him at gunpoint — including Morris, the man whose shirt had fallen to reveal his face during the holdup. A search of the premises yielded L. B.'s bicycle light, bicycle lock, and identification cards, as well as two handguns; these items were found stashed together.

Morris gave a police statement, a recording of which was played for the jury. He admitted that he had seen L. B.'s money when L. B. was at his friend's house and that he had been one of the three men who exited the car at the crime scene. However, he denied having a gun, saying anything to L. B., and otherwise participating in the armed robbery.

On appeal, Morris argues that the state's witnesses were not credible. But the credibility of witnesses and any evidentiary inconsistencies were matters for the jury to resolve.[3] "[W]e do not speculate which evidence the jury chose to believe or disbelieve."[4] Rather, where, as here, there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, we must uphold the jury's verdict.[5]

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED AUGUST 21, 2008.

*Donald B. Lowe III*, for appellant.
*Spencer Lawton, Jr., District Attorney, Thomas M. Cerbone, Assistant District Attorney*, for appellee.

---

[3] *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004); *Chappell v. State*, 183 Ga. App. 706, 707 (359 SE2d 686) (1987).

[4] *Watson v. State*, 235 Ga. App. 381, 384 (1) (509 SE2d 87) (1998) (citation and punctuation omitted).

[5] *Rankin*, supra.