### S08A1478. HENDERSON v. THE STATE.

(675 SE2d 28)

HUNSTEIN, Presiding Justice.

Appellant Damian Darnell Henderson was convicted on two counts of felony murder, four counts of armed robbery and kidnapping, and one count of aggravated assault in connection with the shooting death of Steven Bass and the armed robberies of Kenyata Bluford, Rashun Lucas, Anthony Calhoun and Treman Spencer. The

trial court denied Henderson's motion for new trial[1] and he appeals.

1. The evidence authorized the jury to find that Atlanta area residents Henderson, Tyrone Ross and Lamar Barge drove to Macon, ultimately arriving at a duplex on San Juan Avenue. Bluford was outside the duplex talking on a cell phone when Henderson and Barge approached with guns drawn and ordered him inside at gunpoint; Ross, who was also armed, followed. The three gunmen told Bluford and the other occupants of the two-room duplex, namely, Lucas, Calhoun and Spencer, to empty their pockets. These four men were then ordered into one room and told to remove their clothes and get on the floor. Ross hit Lucas over the head with his gun. There was a knock at the door; the gunmen let Bass inside and demanded money from him. Bass, who worked as a pizza delivery-man and was armed, fired his gun. In the ensuing exchange of gunfire, both Ross and Bass were shot; Bass's wounds were fatal. The gunmen fled and the surviving victims went to a neighboring house to call police. Ross got a ride to the hospital; when he awoke from surgery, the police were there to question him and he gave a statement. Bluford, Lucas and Spencer identified Henderson in photographic lineups.

Henderson, Barge and Ross were indicted jointly. Ross pled guilty to voluntary manslaughter and testified at the trial of his co-indictees. All four surviving victims testified at trial, as did Henderson and his co-defendant Barge. Henderson maintained that he went to the duplex for a drug deal, not a robbery, and did not fire the gun he had with him. Viewed in the light most favorable to the verdict, we conclude that the evidence was sufficient for a rational trier of fact to find Henderson guilty beyond a reasonable doubt as

---

[1] The crimes occurred on January 19, 2004. The Bibb County grand jury handed down a 15-count indictment against Henderson on January 11, 2005, charging him with malice murder; two counts of felony murder based on armed robbery and possession of a firearm by a convicted felon; possession of a firearm by a convicted felon; four counts of armed robbery as to Bluford, Lucas, Calhoun and Spencer; four counts of kidnapping as to Bluford, Lucas, Calhoun and Spencer; two counts of aggravated assault as to Bluford and Lucas; and possession of a firearm during the commission of a felony. On June 22, 2005, the jury found Henderson not guilty of malice murder, aggravated assault as to Lucas, and possession of a firearm during the commission of a felony; a guilty verdict was returned on the remaining 12 counts. In an order entered December 20, 2005, the trial court "merged" Henderson's felony murder conviction based on possession of a firearm by a convicted felon with felony murder based on armed robbery, and sentenced him to life imprisonment for felony murder; a five-year concurrent term for possession of a firearm by a convicted felon; and 20-year concurrent terms on the remaining nine counts. Henderson's motion for new trial was filed on January 5, 2006 and amended on March 20, 2007 and May 5, 2007. In its October 31, 2007 order denying the motion, the trial court vacated Henderson's sentence for possession of a firearm by a convicted felon, merging that conviction with felony murder. But see Malcolm v. State, 263 Ga. 369 (5) (434 SE2d 479) (1993). Henderson's notice of appeal was timely filed. The appeal was docketed in this Court on May 13, 2008 and oral argument was heard on September 9, 2008.

either the perpetrator of or a party to the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Scott v. State*, 280 Ga. 466 (1) (629 SE2d 211) (2006). See also OCGA §§ 16-2-20 (a), 16-2-21.

2. Henderson contends that his trial counsel was ineffective in several respects. To succeed on a claim of ineffective assistance of counsel, he must show both that his counsel's performance was deficient and that, but for the deficient performance, there is a reasonable probability the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985). As an initial matter, we decline Henderson's invitation to adopt a standard for assessing the performance of counsel under the Georgia Constitution that differs from the standard set forth in *Strickland*, supra. See *White v. State*, 216 Ga. App. 583 (1) (455 SE2d 117) (1995) (no substantial difference in legal standard for resolving ineffective assistance of counsel claims under United States and Georgia Constitutions).

(a) Henderson claims that trial counsel was ineffective in advising him to testify without explaining the law of felony murder and accomplice liability, and without discussing the potential consequences of his testimony. The trial court was entitled to believe counsel's testimony to the contrary, however.[2] See *McDaniel v. State*, 279 Ga. 801 (2) (a) (621 SE2d 424) (2005). Moreover, Henderson's testimony did not provide the State with any evidence that was not otherwise established as to his presence at the scene, his possession of a gun, and his status as a convicted felon. We thus find meritless Henderson's argument that his testimony lowered the State's burden of proof.

(b) Henderson also claims that trial counsel was ineffective in choosing to portray him as a drug dealer. Henderson testified that at the time of the crimes he had a pregnant wife and two children to support; that he owned an office cleaning business; and that he sold marijuana in order to supplement his income, due to the high cost of living in Atlanta. Given that Ross and all four surviving victims placed Henderson at the scene, it was reasonable for counsel to elicit this information in an attempt to undermine the State's position that the incident at the duplex was a pre-planned armed robbery. Henderson thus failed to overcome the "strong presumption that counsel's conduct falls within the broad range of reasonable profes-

---

[2] Counsel testified at the hearing on Henderson's motion for new trial that, although she focused on the malice murder charge, she never told Henderson that a finding by the jury that he did not fire the fatal shot would result in a verdict of not guilty on all charges.

sional conduct." *Walker v. State*, 281 Ga. 521, 525-526 (7) (640 SE2d 274) (2007).

(c) One count of felony murder against Henderson was based on the offense of possession of a firearm by a convicted felon, and he alleges that trial counsel was ineffective in failing to stipulate to or request a limiting instruction regarding his prior conviction in Michigan for felonious assault with a dangerous weapon, instead allowing details of this incident to be presented to the jury. Henderson testified that his cousin committed the 1995 assault at issue, and that he was only implicated because he had given his cousin the gun used in the crime. Even if opening the door to such testimony constituted deficient performance, see generally *Curry v. State*, 283 Ga. 99 (2) (657 SE2d 218) (2008); *Ross v. State*, 279 Ga. 365 (2) (614 SE2d 31) (2005) (abuse of discretion under certain circumstances for trial court to refuse to permit defendant from stipulating to prior conviction), Henderson has failed to show that the outcome of his trial would have been different but for this deficiency. See *Burgess v. State*, 278 Ga. 314 (2) (602 SE2d 566) (2004).

(d) Henderson argues that trial counsel was ineffective in failing to object, move for a mistrial, or request a limiting instruction after a witness put his character in issue. The record reveals that the witness stated, "I want to get off the stand"; the courtroom was cleared of spectators and the witness elaborated that she was upset because "y'all put my life in danger by putting me on this stand." Assuming, arguendo, that these comments reflected on Henderson's character, rather than that of co-defendant Barge or the members of the gallery, "the decision of whether to object when a defendant's character is placed in issue is [generally] a matter of trial tactics," *McKenzie v. State*, 284 Ga. 342 (4) (a) (667 SE2d 43) (2008); see also *Grier v. State*, 276 Ga. App. 655 (4) (d) (624 SE2d 149) (2005) (no showing of ineffectiveness where counsel failed to object to witness's testimony that he feared for his safety because he was testifying against defendant), and Henderson has not shown that counsel's failure to respond to the comments was an unreasonable tactical decision no competent attorney would have made under the same circumstances. See generally *Benham v. State*, 277 Ga. 516 (591 SE2d 824) (2004) (invoking labels of "tactics" and "strategy" does not automatically immunize counsel from claim that decision was unreasonable).

3. Henderson claims that the trial court erred by failing to merge his four armed robbery convictions into his conviction for felony murder based on armed robbery. The indictment charged Henderson with causing Bass's death "while in the commission of the felony of armed robbery." Henderson did not file a special demurrer seeking greater specificity with regard to the predicate felony, i.e., the name

of the armed robbery victim. Thus, to the extent his merger argument alleges insufficiency of the indictment due to the State's failure to specify which armed robbery count is the underlying offense for the felony murder charge, it has been waived. See *Edmond v. State*, 283 Ga. 507 (5) (661 SE2d 520) (2008) (failure to timely file special demurrer constitutes waiver of right to be tried on perfect indictment); OCGA § 17-7-110 (demurrer must be filed within 10 days after date of arraignment).

> When the underlying felony is committed upon one victim and the felony murder charged in another count in the same indictment is committed upon another victim, the underlying felony does not merge with the felony murder conviction. [Cits.]

*Matthews v. State*, 268 Ga. 798, 805 (8) (493 SE2d 136) (1997). Because Henderson was charged with the felony murder of Bass but the armed robberies of Bluford, Lucas, Calhoun and Spencer, the trial court did not err by entering separate convictions and sentences on each of these counts.

4. Henderson contends that the trial court erred by failing to merge his conviction for the aggravated assault of Bluford into his conviction for the armed robbery of Bluford. " '(A)ggravated assault is not a lesser included offense of armed robbery as a matter of law, and the two offenses rarely merge as a matter of fact. (Cits.)' [Cit.]" *Silvers v. State*, 278 Ga. 45, 48 (4) (597 SE2d 373) (2004). See also *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006) (adopting "required evidence" test). Here, the indictment alleged that the aggravated assault of Bluford was committed "by pointing at him with a handgun," which first occurred outside the duplex. Because this crime was complete prior to the armed robbery of Bluford inside the duplex, the trial court did not err by entering separate convictions and sentences on these two counts. See *Gaither v. Cannida*, 258 Ga. 557, 557-558 (1) (372 SE2d 429) (1988) (no merger where one crime completed prior to second crime).

5. Henderson argues that his four kidnapping convictions should be vacated because the movement of the victims supporting the element of asportation was merely incidental to the offense of armed robbery. Our recently-adopted standard for determining the sufficiency of evidence of asportation provides for the assessment of four factors:

> (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that

separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense. [Cit.]

(Footnote omitted.) *Garza v. State*, 284 Ga. 696, 702 (1) (670 SE2d 73) (2008). Here, the movement of the victims from one room to another within the duplex was of minimal duration. However, such movement was not an inherent part of the armed robbery; in fact, it occurred after the offense of armed robbery had been completed. Moreover, it created an additional danger to the victims by enhancing the control of the gunmen over them. See id. (kidnapping statute intended to address "movement serving to substantially isolate the victim from protection or rescue"). Accordingly, the element of asportation was established and the trial court did not err in sentencing Henderson on the kidnapping convictions.

6. Henderson cites as error certain comments regarding his future dangerousness made by the prosecutor during her closing argument.

[Henderson] relies on OCGA § 17-8-75 which requires a judge to prevent counsel from making improper arguments. The statute, however, only requires the judge to act where counsel makes a timely objection. [Cit.] In this case, [Henderson] did not object.

*Earnest v. State*, 262 Ga. 494, 495 (1) (422 SE2d 188) (1992). Thus, the argument has been waived. See *Sampson v. State*, 282 Ga. 82 (3) (646 SE2d 60) (2007).

7. Finally, Henderson claims that excessive security measures employed by the trial court in the presence of the jury resulted in a denial of his right to a fair trial. See generally *Young v. State*, 269 Ga. 478 (2) (499 SE2d 60) (1998). The gallery at the week-long trial contained two groups of spectators, whose "volatile" conflicts prompted the trial court to dismiss the groups separately during breaks in the proceedings. Pretermitting whether, as alleged by Henderson, this procedure conveyed the message that there was a need for extra protection from the defendants, Henderson did not object and, in fact, argued in his initial motion for new trial that the trial court erred by not utilizing stronger security measures to control spectators. Henderson's failure to object at trial renders any argument as to this issue waived. See *Earnest*, supra, 262 Ga. at 495.

*Judgment affirmed. All the Justices concur.*

246

Decided March 9, 2009 —
Reconsideration denied April 10, 2009.

*Sarah L. Gerwig-Moore*, for appellant.

*Howard Z. Simms, District Attorney, Sandra G. Matson, Assistant District Attorney, Thurbert E. Baker, Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.

