## A09A0059. HILL v. THE STATE.
(680 SE2d 702)

BERNES, Judge.

Following a jury trial in which Ricky Hill represented himself, Hill was convicted of armed robbery and kidnapping. The trial court denied Hill's motion for new trial and he appeals, contending that the evidence was insufficient to sustain his convictions, that the trial court erred in admitting similar transaction evidence, and that he did not knowingly and intelligently waive his right to trial counsel. Discerning no error, we affirm.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence. We do not weigh the evidence or judge the credibility of the witnesses, but determine only whether the evidence authorized the jury to find the defendant guilty of the crimes beyond a reasonable doubt in accordance with the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Morris v. State*, 293 Ga. App. 354 (667 SE2d 145) (2008).

So viewed, the evidence showed that on June 16, 2001, at approximately 11:15 a.m., the victim was working at a retail store. Hill entered the store and began to browse through the merchandise while the victim was assisting a customer. After the customer completed his purchase and left the store, the victim and Hill were alone. The victim then began showing Hill various items of merchandise in the back of the store. When the victim turned her back to Hill, Hill suddenly grabbed her from behind, held her left arm, and brought a knife around her right side. Hill then demanded that the victim open the cash register. The victim complied with his demand and Hill grabbed some money from the cash register. Thereafter, Hill forced the victim into a bathroom located in the back of the store, shoved some boxes in front of the bathroom door, and told the victim to stay there. While the victim remained in the bathroom, Hill escaped from the store.

After Hill left, the victim ran to a neighboring store and the police were called. The victim gave the investigating detective a description of Hill and stated that he was wearing a black t-shirt with a jaguar on it. The customer who had been in the store immediately prior to the incident was contacted, and he also gave the detective a description of Hill and his black t-shirt.

The next day Hill robbed a female clerk at a convenience store. Hill robbed the clerk at knifepoint while she was alone in the store. During the investigation of the subsequent armed robbery, an officer recovered the knife that had been used to commit the crime in the parking area adjacent to the store.

Hill was later arrested. The t-shirt matching the victim's description was discovered during a search of Hill's vehicle. The victim in this case and the clerk involved in the subsequent armed robbery identified Hill as the perpetrator of the respective crimes and also identified the knife that had been recovered as being the knife that Hill had used to commit the crimes. The victim in this case and the customer who had been in the store immediately prior to the armed robbery identified Hill in a pretrial photographic lineup and again at trial. They also identified the t-shirt that had been recovered from Hill's car as the one that Hill had worn on the day of the incident.

Based upon this evidence, the jury was authorized to find Hill guilty of both armed robbery and kidnapping. "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon." OCGA § 16-8-41 (a). Hill's guilt of this offense was established by the victim's testimony describing the armed robbery and her identification of Hill as the perpetrator. See *Range v. State*, 289 Ga. App. 727, 729 (2) (658 SE2d 245) (2008); *Byrd v. State*, 236 Ga. App. 485, 485-486 (1) (512 SE2d 372) (1999).

Hill's guilt of the kidnapping offense was likewise established by the victim's testimony at trial. "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (a). In *Garza v. State*, 284 Ga. 696, 702 (1) (670 SE2d 73) (2008), the Supreme Court adopted a new standard for determining the sufficiency of the evidence as to the required asportation for a kidnapping conviction. The standard is based upon the assessment of four factors:

(1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself

presented a significant danger to the victim independent of the danger posed by the separate offense.

(Footnote omitted.) Id. See also *Henderson v. State*, 285 Ga. 240, 244-245 (5) (675 SE2d 28) (2009). Because Hill's appeal was pending and was thus in the "pipeline" when the *Garza* decision was issued, the *Garza* test shall be applied to determine whether the asportation element was met in this case. *Grimes v. State*, 297 Ga. App. 720, 722, (678 SE2d 167) (2009).

Here, Hill's movement of the victim from one room to another within the store was of minimal duration. Nevertheless, viewed in the light most favorable to the verdict, the evidence authorized a finding that the victim's movement was not an inherent part of the armed robbery. Significantly, the movement occurred after Hill had taken money from the cash register and the armed robbery offense had been completed. Moreover, the movement created an additional danger to the victim by enhancing Hill's control over her. The movement further served the purpose of concealing the victim while allowing Hill to avoid apprehension and to effect his escape from the scene. Accordingly, the evidence presented established the element of asportation and supported Hill's kidnapping conviction. See *Henderson*, 285 Ga. at 244 (5). Compare *Grimes*, 297 Ga. App. at 722 (reversing defendant's kidnapping conviction based upon insufficient evidence of asportation, since the movement of the victim was an inherent part of the robbery and was not an independent wrong).

2. Hill further argues that the trial court erred in admitting evidence of a similar transaction. We disagree.

The state gave Hill pretrial notice of its intent to introduce evidence of a similar armed robbery for which Hill had been indicted. During a hearing conducted pursuant to Uniform Superior Court Rule ("USCR") 31.3 (B), the state presented evidence that on June 17, 2001, a female clerk at a convenience store was working alone near the back of the store when Hill entered. Hill initially appeared to be nonthreatening and browsed through the store items. But, when the female clerk turned her back to continue stocking store items, Hill suddenly grabbed her from behind, held her left arm, and brought a knife around her right side. Hill then demanded that she open the cash register. Hill took money from the cash register, then pushed the female clerk to the floor behind the counter and told her to lie there while he escaped. During the ensuing investigation, an officer found a knife in the parking area adjacent to the store, and the female clerk identified it as the weapon used during the armed robbery. After Hill was arrested, the clerk identified Hill as the perpetrator of the armed robbery.

The trial court determined that the similar transaction evidence

was offered for the appropriate purpose of showing Hill's motive, course of conduct, bent of mind, scheme, and identity. The trial court found that the two crimes were substantially similar in that both crimes occurred within a day of each other, during the daytime at retail businesses, and involved female clerks who were alone in the store at the time they were victimized. Both victims identified Hill as the perpetrator of the crimes and also identified the knife that he had used during the commission of the crimes. The trial court also noted that Hill used a similar modus operandi in committing the two crimes — during the commission of both armed robberies, he grabbed the victims from behind, held their left arms, showed them a knife on their right sides, and forced the victims to open the cash register. Hill then took the money, and concealed the victims in another area of the store while he made his escape. Based upon its findings, the trial court admitted the similar transaction evidence.

"A trial court's decision to admit similar transaction evidence will be upheld on appeal unless it is clearly erroneous." *Grier v. State*, 273 Ga. App. 517, 519 (2) (615 SE2d 586) (2005). Here, the trial court was authorized to find that the similar transaction evidence met the standards for admission under *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).[1] See *Daniels v. State*, 281 Ga. 226, 228 (1) (637 SE2d 403) (2006); *Lampkin v. State*, 277 Ga. App. 237, 239 (626 SE2d 199) (2006); *Karim v. State*, 244 Ga. App. 282, 282-283 (1) (535 SE2d 296) (2000).

Hill's argument that the criminal action on the similar transaction incident was still pending afforded no basis to exclude the evidence. "It is well settled that there need not be a criminal charge or conviction relating to a similar offense for it to be admissible." (Citation omitted.) *Randolph v. State*, 198 Ga. App. 291, 292 (2) (401 SE2d 310) (1991).

Likewise, there is no merit to Hill's argument that the trial court erred by failing to make an express determination that the probative value of the evidence outweighed its prejudicial impact. While it is true that the trial court has the discretion to exclude relevant similar transaction evidence on prejudice grounds, "this determination is not, strictly speaking, part of the *Williams* analysis, and the trial court is not obligated to make an express finding on this issue as part of the USCR 31.3 (B) hearing." *Newman v. State*, 233 Ga. App. 794,

---

[1] Before similar transaction evidence may be admitted, a hearing must be held pursuant to USCR 31.3 (B) and the state must affirmatively show: (1) that it seeks to introduce the evidence for an appropriate purpose; (2) that there is sufficient evidence establishing that the accused committed the independent offense or act; and (3) that there is a sufficient connection or similarity between the independent offense or act and the crime charged such that proof of the former tends to prove the latter. *Williams*, 261 Ga. at 642 (2) (b).

YALE LAW LIBRARY

795 (2) (504 SE2d 476) (1998).[2] See also *Farley v. State*, 265 Ga. 622, 625-626 (2) (458 SE2d 643) (1995); *Harris v. State*, 276 Ga. App. 234, 238 (2) (622 SE2d 905) (2005). The record establishes that the trial court fully complied with the mandate for determinations under the *Williams* analysis, and thus, no error has been shown. See *Williams*, 261 Ga. at 642 (2) (b), n. 3; *Farley*, 265 Ga. at 625-626 (2).

3. Lastly, Hill contends that he did not knowingly and intelligently waive his right to counsel and proceed to trial pro se. Again, no error has been shown.

The trial court had previously appointed two different attorneys to assist Hill in his defense. Hill's prior counsel had filed pretrial motions on his behalf and had attempted to meet with Hill to discuss the case. But, Hill refused to cooperate with his appointed counsel and claimed that he "couldn't get along" with them. After Hill stated that he wanted to represent himself, the trial court conducted a pretrial hearing to inquire into the matter.

At the hearing, the trial court informed Hill that he had a right to represent himself, but strongly discouraged him from doing so. The trial court also apprised Hill of the dangers and disadvantages of self-representation, and informed him that he would be required to comply with the same standards and rules governing trial practice and procedure. After so informing Hill, the trial judge asked, "Now, do you still think that you want to represent yourself?", and Hill responded, "Yes, sir, Your Honor." The trial court then reiterated that as a pro se litigant, Hill would not be entitled to receive any assistance or advice at trial. The trial court further instructed Hill as to the principles governing his right to appointed counsel and stated that his previously appointed counsel had worked diligently on behalf of their clients in other cases. Hill nevertheless remained unconvinced and stated again that he wanted to represent himself at trial. Thereafter, the trial court confirmed Hill's understanding of his election in the following colloquy:

> THE COURT: All right. That's fine. The Court notes that you have made that election. Do you have any questions about your rights or your responsibilities at this point?
>
> MR. HILL: No, sir, Your Honor, I know my rights.
>
> THE COURT: Okay, good. Do you fully understand, then,

---

[2] Compare *Quiroz v. State*, 291 Ga. App. 423, 428 (4) (662 SE2d 235) (2008) (ruling that the trial court is required to make an express finding on the record that balances the probity of a prior felony conviction against its prejudicial effect pursuant to the statutory language of OCGA § 24-9-84.1 (a) (2) governing impeachment of a defendant as a witness when he chooses to testify at trial).

that you are waiving your right to a court-appointed attorney by electing to proceed on a pro se basis and by representing yourself?

MR. HILL: Yes, sir, Your Honor.

THE COURT: All right. The record does reflect that the defendant has elected to represent himself. The Court has advised him of the law. [Appointed counsel], you are discharged from further responsibility in the case.

And, several days thereafter, immediately prior to the commencement of trial, the trial court again inquired as to Hill's election to proceed pro se, and Hill again confirmed his election.

[B]oth the federal and state constitutions guarantee a criminal defendant the right to self-representation. To be valid, a defendant's waiver of his right to be represented by counsel must be knowingly and intelligently made. Under *Faretta* [*v. California*, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975),] the trial court must apprise the defendant of the dangers and disadvantages inherent in representing himself so that the record will establish that he knows what he is doing and his choice is made with eyes open. . . . [T]he record need only reflect that the accused was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver.

(Citations and punctuation omitted.) *State v. Evans*, 285 Ga. 67, 68-69 (673 SE2d 243) (2009).

The record establishes that the trial court cautioned Hill at great length about the dangers of self-representation and that Hill nevertheless insisted upon his right to represent himself. The circumstances presented in this case thus demonstrate that Hill knowingly and intelligently waived his right to be represented by counsel. See *Evans*, 285 Ga. at 69; *Wayne v. State*, 269 Ga. 36, 37-38 (2) (495 SE2d 34) (1998); *Bush v. State*, 268 Ga. App. 200, 202-205 (2) (601 SE2d 511) (2004).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JULY 2, 2009.

*Oliver R. Register*, for appellant.

*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.