A09A0844. DIXON v. THE STATE.
(684 SE2d 679)

PHIPPS, Judge.

Frederick Dixon appeals his convictions for armed robbery, kidnapping and possession of a firearm during the commission of a

---

crime. He contends that the evidence was insufficient as to the kidnapping charge; that the trial court improperly admitted into evidence a surveillance video and still photographs made therefrom; and that the trial judge improperly expressed an opinion of his guilt. For the following reasons, we affirm.

1. On review of a criminal defendant's challenge to the sufficiency of the evidence supporting a conviction, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] On November 3, 2007, Dixon entered a fast-food restaurant, looked briefly at the menu board, then left. Dixon re-entered the restaurant, pulled a mask over his face and approached an employee; he grabbed her neck, pushed a gun into her side, and ordered another employee to empty money from the cash registers and place it in a bag. Dixon took the bag of money, then forced the captive employee outside the restaurant to the parking lot at the back of the building, where he showed her a loaded semi-automatic handgun and warned her not to tell anyone what had occurred. Dixon left the scene in a truck. Law enforcement officers later located Dixon, using a description of him provided by an eyewitness and a description of Dixon's truck.

"A person commits the offense of kidnapping when such person abducts or steals away another person without lawful authority or warrant and holds such other person against his or her will."[2] To prove abduction or stealing away, known as asportation, a four-factor test applies, which examines: (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether the movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.[3]

The record establishes that after Dixon secured a bagful of cash from the registers he dragged the captive employee from inside the restaurant to its adjacent outdoor parking lot. Though the record does not specify the duration of this movement, it shows that Dixon

---

[1] *Morris v. State*, 293 Ga. App. 354 (667 SE2d 145) (2008), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] OCGA § 16-5-40 (a).

[3] *Garza v. State*, 284 Ga. 696, 698, 702 (1) (670 SE2d 73) (2008). Subsequent to *Garza*, the legislature amended the kidnapping statute; because the amendment applies to crimes committed on or after the revision's effective date of July 1, 2009, it is inapplicable here, and *Garza's* standard applies.

had completed the robbery before he began the kidnapping;[4] that dragging the employee outside was not merely incidental to the completion of the robbery and thus not an inherent part of it;[5] and that forcing the employee outside the restaurant put her in substantially more danger because this movement isolated her from co-workers and other potential witnesses.[6] The evidence was sufficient for a rational trier of fact to have found the essential elements of the crime of kidnapping beyond a reasonable doubt.

2. Dixon contends that the trial court erred in admitting into evidence a video generated by an unmanned surveillance camera and photographs taken therefrom, because, he asserts, the state failed to lay the required foundations. We review this claim of error under an abuse of discretion standard.[7] A video or photograph produced by an unmanned camera may be introduced into evidence

> provided that prior to the admission of such evidence the date and time of such photograph, motion picture, or videotape recording shall be contained on such evidence and such date and time shall be shown to have been made contemporaneously with the events depicted in the photograph, videotape, or motion picture.[8]

Where a video or photograph lacks accurate date and time stamps, its admission may nonetheless be proper upon additional corroboration.[9]

The video in evidence lacks date and time stamps. The photo-

---

[4] See, e.g., *James v. State*, 232 Ga. 834 (209 SE2d 176) (1974).

[5] Compare *Henderson v. State*, 285 Ga. 240, 245 (5) (675 SE2d 28) (2009) (movement of victims from one room to another after the completion of armed robbery was not an inherent part of the armed robbery and such movement established factor three of the *Garza* test for asportation) and *Hill v. State*, 298 Ga. App. 677 (1) (680 SE2d 702) (2009) with *Crawford v. State*, 297 Ga. App. 187, 190 (1) (676 SE2d 843) (2009) (brief movement of victims inside a store during the course of and prior to completion of a robbery does not establish asportation for kidnapping) and *Grimes v. State*, 297 Ga. App. 720 (678 SE2d 167) (2009).

[6] See *Henderson v. State*, supra (kidnapping statute intended to address movement which serves to substantially isolate the victim from protection or rescue).

[7] *Holloway v. State*, 287 Ga. App. 655, 658 (2) (653 SE2d 95) (2007); *Pless v. State*, 247 Ga. App. 786, 787 (2) (545 SE2d 340) (2001).

[8] OCGA § 24-4-48 (c).

[9] See OCGA § 24-4-48 (d) (Code section shall not provide the exclusive method of introduction into evidence of videos, but shall supplement other existing lawful methods). Compare *Holloway v. State*, supra (surveillance video lacking date and time stamp properly admitted into evidence where corroborating witnesses were unavailable but technician who had installed surveillance camera testified to camera's proper functioning) and *Ross v. State*, 262 Ga. App. 323, 327-328 (4) (585 SE2d 666) (2003) (surveillance videos with conflicting date and time stamps properly admitted into evidence where witness corroborated the accuracy of the events depicted in the video) with *Smith v. State*, 285 Ga. App. 658, 660 (1) (647 SE2d 346) (2007) (video not properly authenticated where eyewitnesses were available but did not corroborate the contents on the video) and *Phagan v. State*, 268 Ga. 272, 279 (5) (486 SE2d

graphs, however, contain date and time stamps which correspond to the date and time of the incident. A police investigator testified at trial that he photographed one of the surveillance video screens upon his arrival at the scene, and he authenticated the state's photographs by testifying that they accurately reflected what he observed on the screen on the date of the incident. Moreover, the kidnapped employee identified Dixon at trial and testified to his actions; and a review of the surveillance video in evidence reveals that its contents correspond to the kidnapped employee's testimony. Taking these factors together, we find that the trial court did not abuse its discretion in admitting the video and photographs into evidence.

3. We find meritless Dixon's contention that the trial judge erred by intimating an opinion as to Dixon's guilt. While directing a verdict for Dixon on another indicted count, the judge commented to the jury that "as [the prosecutor] explained in his opening statement, they were not going to bring a witness from . . . Texas to testify as to that offense." Dixon contends that this comment suggested that the trial judge believed Dixon to be guilty. We review a claim of improper comments by a trial judge for abuse of discretion.[10]

"It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused."[11] However, remarks by a trial judge assigning a reason for his or her ruling are neither an expression of opinion nor a comment on the evidence.[12] We find nothing in the trial judge's comments to the jury which intimated an opinion as to Dixon's guilt.

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 23, 2009.

*James D. Lamb*, for appellant.
*Peter J. Skandalakis, District Attorney, Raymond C. Mayer, Assistant District Attorney*, for appellee.

---

876) (1997) (lack of proper foundation for video warranted reversal where video was the sole evidence supporting the charge).

[10] See *Montford v. State*, 168 Ga. App. 394, 396 (5) (309 SE2d 650) (1983) (because the trial court has broad discretion in regulating and controlling the business of the court, the reviewing court should never interfere with the exercise of that discretion unless it is made to appear that wrong or oppression has resulted from its abuse, or that the court in some manner takes away the rights the parties have under the law).

[11] OCGA § 17-8-57.

[12] See *Young v. State*, 269 Ga. 490, 494 (4) (500 SE2d 583) (1998).