## A10A1973. THE STATE v. SMITH.
(702 SE2d 663)

JOHNSON, Judge.

After a jury trial, Carl Smith was convicted of kidnapping, cruelty to children and two counts of aggravated assault. Smith filed a timely motion for new trial, challenging the sufficiency of the evidence supporting the kidnapping conviction. The trial court granted the motion, finding that the kidnapping conviction must be set aside because there was insufficient evidence to prove the asportation element of kidnapping or that Smith acted without lawful authority. The state appeals, and we reverse.

On appeal, we construe the evidence most favorably to support

---

[3] *Echols v. Cochran*, 214 Ga. App. 348 (447 SE2d 700) (1994).

the verdict, and Smith no longer enjoys a presumption of innocence.[1] We do not weigh the evidence or determine the credibility of witnesses, but determine only if there is sufficient evidence from which a rational trier of fact could have found Smith guilty of kidnapping beyond a reasonable doubt.[2]

So construed, the evidence shows that Smith and Danielle Wooley had three children. Wooley and the children live with Wooley's mother, Georgia Seeley. On June 15, 2007, Smith forced his way into Seeley's home and said that everyone there was going to die. He stabbed Wooley with a knife and slashed Seeley's throat. The women were able to escape from the house with one of the children. The police were called, arrived at the scene and removed another one of the children from the house, leaving only three-year-old D. W. in the house with Smith. Subsequently, when two officers entered the house, Smith grabbed D. W., held a knife to her throat and shouted profanities at the police, urging them to shoot him. Using the screaming and crying child as a shield and still holding the knife to her throat, Smith backed down a hallway and into a bedroom, barricading himself and the girl in the room. He held D. W. hostage for six hours, threatening to kill her. Officers were eventually able to force their way into the bedroom, rescue the child, and arrest Smith.

> "A person commits the offense of kidnapping when such person abducts or steals away any person without lawful authority or warrant and holds such other person against his will." [Cit.] For the State to prove the essential element that the defendant has "stolen away" or "abducted" his alleged victim, it must show that an unlawful movement, or asportation, of the person has taken place against his will. [Cit.][3]

In *Garza v. State*,[4] the Supreme Court of Georgia adopted a four-factor test for determining the sufficiency of the evidence of asportation: (1) the duration of the movement; (2) whether the movement occurred during commission of a separate offense; (3) whether the movement was an inherent part of the separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.[5] "Because [Smith's motion for a new trial] was pending and

---

[1] *Crawford v. State*, 297 Ga. App. 187, 188 (1) (676 SE2d 843) (2009).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford*, supra.
[3] *Brashier v. State*, 299 Ga. App. 107, 109 (2) (681 SE2d 750) (2009).
[4] 284 Ga. 696, 702 (1) (670 SE2d 73) (2008).
[5] *Henderson v. State*, 285 Ga. 240, 244-245 (5) (675 SE2d 28) (2009).

was thus in the 'pipeline' when the *Garza* decision was issued, the *Garza* test shall be applied to determine whether the asportation element was met in this case. [Cit.]"[6]

Here, although the movement of the victim from one room to another within the house was of minimal duration, such movement was not an inherent part of the other crimes for which Smith was charged. Moreover, the movement created an additional danger to the child by enhancing Smith's control over her.[7] Indeed, the "kidnapping statute [is] intended to address 'movement serving to substantially isolate the victim from protection or rescue[.]' "[8] Accordingly, the trial court erred in concluding that there is insufficient evidence of asportation.

Likewise, the trial court erred in finding that Smith had lawful authority to move the child and hold her against her will. Smith's reliance on *Adams v. State*,[9] to argue to the contrary is misplaced. That case involved a child custody dispute between parents and was controlled by a former Code section that was similar to OCGA § 16-5-45, which governs the offense of interference with child custody. The instant kidnapping case does not involve that statute, and "the facts and circumstances of the bloody and violent incident, parts of which took place in the . . . bedroom, support the inference that [the child] was taken [without lawful authority and held] against [her] will."[10] Because there was sufficient evidence to support the guilty verdict as to the crime of kidnapping, the trial court erred in vacating that conviction.

*Judgment reversed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED OCTOBER 5, 2010 —
RECONSIDERATION DENIED OCTOBER 28, 2010.

*Gregory W. Edwards, District Attorney, Kathryn O. Fallin, Assistant District Attorney*, for appellant.

---

[6] *Hill v. State*, 298 Ga. App. 677, 679 (1) (680 SE2d 702) (2009). Note also that the legislature subsequently amended the kidnapping statute to provide that slight movement is sufficient to prove kidnapping as long as the movement was not incidental to another offense; however, that amended statute was not in effect at the time of this offense, "and therefore the standard set forth in *Garza* applies." *Horne v. State*, 298 Ga. App. 601, 603 (1), n. 1 (680 SE2d 616) (2009).

[7] See *Hill*, supra; *Horne*, supra at 604 (1).

[8] (Citations omitted.) *Henderson*, supra at 245 (5).

[9] 218 Ga. 130 (126 SE2d 624) (1962).

[10] *Allen v. State*, 284 Ga. 310, 313 (1) (b) (667 SE2d 54) (2008).