**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**May 7, 2014**

# In the Court of Appeals of Georgia

A14A0218. RICKS v. THE STATE.

MILLER, Judge.

Following his conviction for burglary (OCGA § 16-7-1 (a) (2009)), Billy Ricks appeals from the denial of his motion for new trial, contending that the trial court erred in admitting similar transaction evidence, the circumstantial evidence was insufficient to sustain his conviction, and he received ineffective assistance of counsel. For the reasons that follow, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence. We do not weigh the evidence or judge the credibility of the witnesses, but determine only whether the evidence authorized the jury to find the defendant guilty of the crimes beyond a reasonable doubt in accordance with the standard set forth in *Jackson v. Virginia,* 443 U. S. 307, [99 SCt 2781, 61 LE2d 560] (1979).

(Citation omitted.) *Hill v. State*, 298 Ga. App. 677 (1) (680 SE2d 702) (2009).

So viewed, the evidence shows that in September 2009,[1] Stacy White and her husband went out of town. While the couple was away, White's uncle checked in on their house in Emanuel County twice a day. On the afternoon of September 10, 2009, White's uncle drove by the house and noticed that the front door was kicked in. The door jamb had been broken and the screws from the dead bolt had been pushed out of the door as a result of the forced entry.

The uncle called White, who was on her way home, and waited for White to arrive. At some point, the police were called and they arrived at the house before White. When White arrived at her house, she noticed that her 32-inch television, DVD/VCR combo, two watches, jewelry, and camcorder had all been taken. The investigating officer attempted to obtain fingerprints from the door jamb and from other areas inside the house where items had been removed, but he was unsuccessful.

The next day, the investigating officer went to a pawn shop located a few miles from White's house. Upon entering the pawn shop, the officer observed a television

---

[1] Although the indictment alleged that the offense occurred in September 2010, the parties stipulated that the offense occurred in September 2009.

and DVD/VCR combo located on the front counter. The officer called White, who then drove to the pawn shop and positively identified the items as having been stolen from her house. The owner of the pawn shop did not initially remember the name of the person who brought in the stolen items, but he later called the investigating officer and identified Ricks as the person who had pawned White's property. Ricks had told the pawn shop owner that he had bought the stolen property from an unidentified Mexican man. The investigating officer made several unsuccessful attempts to locate Ricks.

On November 10, 2009, a Jefferson County Sheriff's Deputy was traveling along a road in Louisville, Georgia when a mailman flagged him down and stated that there was a suspicious vehicle at a residence called the "sheriff's old place." The deputy went to the residence to investigate and, upon arriving there, he saw only one vehicle, a Jeep, in the yard. Shortly thereafter, the deputy saw Ricks coming out of the house. The deputy asked Ricks what he was doing at the house, and Ricks replied that he went to the house to see a man by the name of "Mr. Coursey." The deputy then asked Ricks for identification, but Ricks was unable to provide any. The deputy became suspicious of Ricks because there had been several burglaries in the area, Ricks could not produce identification, and the deputy knew that "Mr. Coursey" did

not live at the "sheriff's old place." The deputy decided to pat down Ricks for weapons, whereupon Ricks pushed the officer and ran off into the woods. The deputy called for assistance, and Ricks was apprehended approximately three hours later. During a search of Ricks's Jeep, officers found burglary tools, gloves, and items taken during a burglary of a residence that occurred on the previous day.

1. Ricks contends that the trial court erred in admitting similar transaction evidence. Specifically, Ricks challenges only the admission of an unindicted burglary offense that occurred on November 9, 2009,[2] arguing that the unindicted offense was not similar to the present offense and the relevance of the similar transaction was far outweighed by its prejudicial effect.[3] Ricks's claim has no merit.

We review the trial court's decision to admit similar transaction evidence for any abuse of its discretion and the trial court's factual findings as to the similarity of the incidents under a clearly erroneous standard. *Holloman v. State*, 291 Ga. 338, 343

---

[2] Although Ricks had not yet been indicted for the November 9, 2009 offense at the time of his trial, and was subsequently acquitted of the offense, "[i]t is well settled that there need not be a criminal charge or conviction relating to a similar offense for it to be admissible." *Hill*, supra, 298 Ga. App. at 680 (2).

[3] Ricks does not challenge the admission of his conviction for the burglary that occurred on November 10, 2009 as similar transaction evidence. Ricks pled guilty to that burglary.

(6) (729 SE2d 344) (2012). Before evidence of another crime may be admitted as a similar transaction, "the trial court must hold a hearing where the [S]tate bears the burden of showing that the evidence of similar transactions is admissible under the three-prong test." (Footnote omitted.) *Wright v. State*, 313 Ga. App. 829, 831 (1) (a) (723 SE2d 59) (2012). Specifically, the State must show

> that it is seeking to introduce the evidence for a permissible purpose; there is sufficient evidence that the accused committed the independent offense or act; and there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.

(Punctuation and footnote omitted.) *Mattox v. State,* 287 Ga. App. 280, 282 (1) (651 SE2d 192) (2007). "When considering the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate crimes and the crimes in question." (Citation omitted.) *Gaudlock v. State*, 310 Ga. App. 149, 152 (2) (713 SE2d 399) (2011).

Here, the trial court properly concluded that the November 9, 2009 burglary was admissible to show Ricks's bent of mind, intent, and motive given that he claimed to have received the stolen items.[4] There is sufficient evidence that Ricks

---

[4] Although the trial court conducted a similar transaction hearing prior to trial, it also conducted a post-trial hearing to cure any deficiencies in failing to make adequate findings. See *Betancourt v. State*, 322 Ga. App. 201, 211 (4) (a) (i), n.37

5

committed the November 9, 2009 burglary because the stolen items were recovered from his vehicle after he was found to have burglarized another residence on November 10, 2009. Additionally, in both the present offense that occurred on September 10, 2009 and the November 9, 2009 burglary, the incidents occurred during the day while the victims were away, entry was made through a doorway by the use of force, and items were strewn about the residences. When, as here, "similar transaction evidence is being introduced to prove motive, intent, or bent of mind, it requires a lesser degree of similarity to meet the test of admissibility than when such evidence is being introduced to prove identity." (Footnote omitted.) *Mattox*, supra, 287 Ga. App. at 282 (1). Given the similarities between the present offense and the November 9, 2009 burglary, we cannot say that the trial court abused its discretion in admitting the similar transaction evidence. See *Carter v. State*, 269 Ga. App. 363, 365 (604 SE2d 210) (2004) (trial court did not abuse its discretion in admitting prior burglary where offense occurred around same time of day as charged offense, entry was gained by forcing open a door, and defendant exited the door he entered).

(744 SE2d 419) (2013) (post-trial hearing cured any alleged error in pretrial hearing); *Brown v. State*, 307 Ga. App. 99, 103 (2) (b) (704 SE2d 227) (2010) (providing that trial court may conduct a post-trial similar transaction hearing). Ricks does not challenge the trial court's procedure on appeal.

2. Ricks next contends that the circumstantial evidence was insufficient to sustain his conviction. We disagree.

"A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another[.]" OCGA § 16-7-1 (a). "Evidence of recent, unexplained possession of stolen goods may be sufficient to give rise to an inference that the defendant committed the burglary." (Punctuation, citation, and footnote omitted.) *Chambers v. State*, 288 Ga. App. 550, 551 (654 SE2d 451) (2007).

> For a conviction based on circumstantial evidence to stand, the facts must prove not only the hypothesis of guilt, but must exclude every other reasonable hypothesis but the guilt of the accused. Circumstantial evidence must exclude only reasonable hypotheses save the defendant's guilt; it need not exclude every other inference or hypothesis except the defendant's guilt.

(Punctuation and footnotes omitted.) *Smith v. State*, 309 Ga. App. 466, 468 (710 SE2d 654) (2011). Whether the circumstances are sufficient to exclude every reasonable hypothesis except that of the defendant's guilt is a jury question, and we will not disturb the jury's finding unless the verdict is insupportable as a matter of law. Id.

Here, the evidence shows that shortly after the September 10, 2009 burglary, Ricks pawned some of the items stolen in that burglary, and he claimed to have received the stolen items from an unidentified Mexican male. Moreover, Ricks was convicted of or charged with at least two similar transactions, and during one incident burglary tools were found in his Jeep. Accordingly, the jury was authorized to conclude that Ricks committed the burglary in question. See *Chambers v. State*, 288 Ga. App. 550, 551 (654 SE2d 451) (2007) (it is for the jury to determine whether a defendant's recent possession of stolen goods was satisfactory, and the jury's rejection of the defendant's explanation, by way of a guilty verdict, will support a conviction for burglary based upon recent possession of stolen goods); *Davis v. State*, 275 Ga. App. 714, 715-716 (1) (621 SE2d 818) (2005) (affirming burglary convictions based upon evidence that defendant pawned the stolen items within several hours of the burglaries as well as evidence of similar transactions).

3. Ricks contends that his trial counsel was ineffective for failing to investigate witnesses that would corroborate his explanation that he received the stolen items from a Mexican male. We disagree.

> In order to prevail on a claim of ineffective assistance, [Ricks] must show that counsel's performance was deficient and that the deficient performance so prejudiced [Ricks] that there is a reasonable

likelihood that, but for counsel's errors, the outcome of the trial would have been different. [Ricks] must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. In reviewing a lower court's determination of a claim of ineffective assistance of counsel, an appellate court gives deference to the lower court's factual findings, which are upheld unless clearly erroneous; the lower court's legal conclusions are reviewed de novo.

(Punctuation and citations omitted.) *Hampton v. State*, 279 Ga. 625, 626-627 (619 SE2d 616) (2005).

At the motion for new trial hearing, trial counsel testified that Ricks told her that he received the stolen items from a Mexican male, and that she asked Ricks multiple times as to how to locate this person. Counsel stated that while Ricks gave her a general idea that this Mexican male would sell items "on the side of the road down in Metter[, Georgia]," she had no specific description of this person, his residence, or the type of vehicle he was driving. Although Ricks testified at the new trial hearing that he did provide such specific information to counsel, the trial court was authorized to reject this testimony and, instead, believe trial counsel's testimony that Ricks failed to provide a means for locating the purported burglar. See *Pattillo v. State*, 304 Ga. App. 344, 345 (696 SE2d 370) (2010) (ruling that a trial court is authorized to disbelieve a defendant's self-serving testimony in favor of counsel's

9

testimony in deciding a claim of ineffective assistance of counsel). Consequently, Ricks has not shown that trial counsel was deficient in failing to investigate or locate this unidentified Mexican male.

Moreover, while Ricks contends that his girlfriend could corroborate his story about how he obtained the stolen items, his girlfriend did not testify at the motion for new trial hearing and he did not present a legally acceptable substitute to substantiate his claims that her testimony would have been favorable to his defense. As a result, Ricks cannot meet his burden of establishing his ineffective assistance claim. See *Lupoe v. State*, 284 Ga. 576, 578-579 (3) (b) (669 SE2d 133) (2008); *Damerow v. State*, 310 Ga. App. 530, 540-541 (4) (d) (714 SE2d 82) (2011). Accordingly, we affirm.

*Judgment affirmed. Doyle, P. J., and Dillard, J., concur.*