A07A1695. MATTOX v. THE STATE.
(651 SE2d 192)

PHIPPS, Judge.

Following the denial of his motion for new trial, Rodney Mattox appeals his convictions on one count each of entering an automobile with intent to commit theft and criminal damage to property in the second degree. He complains of the trial court's admission of similar transaction evidence and the denial of his motion for mistrial. Finding no abuse of discretion in either ruling, we affirm.

---

Mattox was charged with two counts each of the above offenses. The indictment alleged that on January 28, 2004, he entered a Toyota Tacoma pickup truck owned by Susan Williams and an Isuzu Trooper SUV owned by Audrey Jackson with intent to commit theft, and that he intentionally caused damage exceeding $500 to the vehicles' ignitions and windows. The jury found Mattox guilty of the two charged offenses related to Williams' Toyota Tacoma pickup truck and not guilty of the two offenses related to Jackson's Isuzu Trooper SUV.

Williams testified that in January 2004, she took her white Toyota Tacoma pickup truck to Team One Automotive, an automobile maintenance and repair facility in Forsyth County. On the night of January 27, Team One left the Toyota Tacoma parked in its back lot. The following morning, the owner of Team One discovered that someone had entered the Toyota Tacoma by breaking the rear window, that the truck's ignition and steering column had been damaged, and that numerous items of personal property that had not been there before and did not belong to Williams were in the truck. Also parked nearby on the lot was an Isuzu Trooper SUV. It had been stolen from Jackson, had not been left at Team One for repair, and had been damaged in the same ways as the Toyota Tacoma. Specifically, the ignitions on both vehicles had been "punched out," meaning that the ignition lock cylinders had been removed from the steering column so that the vehicles could be started by insertion of a screwdriver into the ignition switch. Found inside the Toyota Tacoma were several screwdrivers, a tennis racquet belonging to Jackson, and a wallet. Inside the wallet were Mattox's social security card, his Georgia photo identification card, a Texaco credit card belonging to him, an identification card for one of his children, and a Gwinnett County Department of Corrections identification card also belonging to him.

On or about January 26, 2004, a Ford Ranger pickup truck was stolen in Gwinnett County. On February 14, a Suwanee Police Department detective found Mattox's girlfriend driving the Ford Ranger. It, too, had a broken window and punched out ignition. Based on information provided by the girlfriend, Suwanee police apprehended Mattox driving a gold Toyota Tacoma pickup truck that had been stolen in Gwinnett County earlier in January. Its ignition had been punched out and a screwdriver was inserted into the ignition switch. Mattox admitted to receiving both the Ford Ranger and the gold Toyota Tacoma pickup truck knowing that they had been stolen, and in the Gwinnett Superior Court he pled guilty to two counts of theft by receiving stolen property.

Prior to trial, the state filed a notice of intent to present evidence of Mattox's Gwinnett County theft by receiving convictions as similar

transaction evidence. After conducting a hearing immediately prior to trial, the court found Mattox's theft by receiving convictions sufficiently similar to warrant their admission in evidence.

Also prior to trial, Mattox filed a motion in limine to prohibit the state from admitting any evidence of his Department of Corrections identification card. The court conditionally granted the motion. But when a crime scene technician from the Forsyth County Sheriff's Office was asked whether she had inventoried the contents of the wallet found in the Toyota Tacoma, she responded in the affirmative, described the wallet, and stated that it contained a Gwinnett County, Georgia Department of Corrections identification card. Mattox thereupon objected and moved for a mistrial outside the presence of the jury. Finding that admission of the similar transaction evidence lessened the prejudicial effect the witness's comment otherwise would have had, the court denied the motion for mistrial but instructed the jury to disregard the witness's remark.

1. Mattox argues that the extrinsic crimes were not sufficiently similar to the charges for which he was on trial to justify their admission in evidence.

> Evidence of an independent offense or act may be admitted into evidence if the state makes the following affirmative showings: that it is seeking to introduce the evidence for a permissible purpose; there is sufficient evidence that the accused committed the independent offense or act; and there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. There is no requirement that the other transaction be identical to the crime charged in every respect. Rather, there can be a substantial variation of circumstances where there exists a logical connection between crimes which are essentially dissimilar. Further, when similar transaction evidence is being introduced to prove motive, intent, or bent of mind, it requires a lesser degree of similarity to meet the test of admissibility than when such evidence is being introduced to prove identity.[1]

"Absent an abuse of discretion, we will not disturb a trial court's determination that similar transaction evidence is admissible."[2]

---

[1] *Woods v. State*, 275 Ga. App. 340, 343 (1) (a) (620 SE2d 609) (2005) (punctuation and footnotes omitted); see *Gray v. State*, 260 Ga. App. 197, 198-199 (2) (a) (581 SE2d 279) (2003).

[2] *Woods,* supra at 342-343 (punctuation and footnote omitted).

Although Mattox was charged with and convicted of separate legal offenses in the prior and present prosecutions, all involved the theft or attempted theft of motor vehicles by punching out the ignition. Entrance was gained to at least three of the vehicles by breaking a window. All of the vehicles were either pickup trucks or SUVs. Two of the pickup trucks were the same make and model. And all of the vehicles were stolen or broken into during the same month in the northern metropolitan Atlanta area. As in *Woods v. State*[3] and *Gray v. State*,[4] the trial court did not abuse its discretion in admitting the similar transaction evidence under these circumstances.

2. Nor did the court abuse its discretion in determining that in view of the proper admission of the similar crimes evidence, the improper admission of evidence suggesting that Mattox had been incarcerated was not so prejudicial as to demand a mistrial rather than a curative instruction to the jury.[5]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED AUGUST 16, 2007.

*Jeffrey S. Purvis*, for appellant.

*Penny A. Penn, District Attorney, Sandra A. Partridge, Assistant District Attorney*, for appellee.

---

[3] Id.

[4] Supra.

[5] See generally *Hunter v. State*, 281 Ga. 526, 530 (3) (640 SE2d 271) (2007); compare *Jinks v. State*, 229 Ga. App. 18, 19 (2) (493 SE2d 214) (1997) and cits.