A11A2140. BISHOP v. THE STATE.

(726 SE2d 112)

BARNES, Presiding Judge.

Following a jury trial, Fredrick Bishop was convicted of robbery by intimidation, robbery, terroristic threats, and criminal trespass. Following the denial of his motion for new trial, he appeals, contending that the trial court erred in admitting similar transaction evidence, and in failing to tailor the charge on similar transaction to the specific purpose for which it was admitted. Following our review, we affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence." (Citations, punctuation and footnotes omitted.) *Jackson v. State*, 252 Ga. App. 268 (1) (555 SE2d 908) (2001). So viewed, the evidence shows that on the afternoon of September 2, 2008, a man entered a CVS Pharmacy and asked the store clerk if his identification was there. After the clerk checked and informed him that his identification was not in the store, the man asked her for help locating bandages. The clerk testified that the man had a bloody bandage on his arm. When she rang the purchase up, the man told her not to close the cash drawer, jumped over the counter, and took the money out of the register. The clerk testified that the man was carrying a book bag, and that although she knew that he was a "black man," she could not identify him.

A customer was on the phone outside the door when the robber ran out. He knocked her down, grabbed the car keys from her hand, and when she tried to stop him, threatened to "kill [her]" if she did not move. The woman identified Bishop as the man she saw run out of the store and take her car. She also testified that she saw a white bandage around Bishop's arm.

The woman testified that before the robbery, Bishop was sitting outside and had asked her to jump start his car "up the road around the curve . . . if you're not driving that Honda." She told him that she was driving a Ford Explorer.

Another customer in the parking lot testified that she saw Bishop run out of the store with a "wad of money in his hand and . . . a bandage around his arm." She testified that after he knocked a woman down and grabbed her keys, he jumped into a green truck. The witness said she tried to block his escape with her Jeep, but Bishop rammed her vehicle and another truck before speeding out of the parking lot. She identified Bishop as the man she saw that day.

During the course of the ensuing police investigation, a store employee provided police with information that led to the identification of Bishop as the robber. A witness identified Bishop from a photographic lineup, and he was arrested later that day.

1. In two related enumerations, Bishop contends that the trial court erred in admitting the similar transaction evidence. He maintains that when the State filed its notice of intent to present evidence of similar transaction, it did not attach any documentation, and thus he had no notice of what he had to defend against. Bishop also maintains that the trial court failed to factually find that he was the perpetrator of the similar transaction or that it was sufficiently similar to the offense charged.

The State, at a Uniform Superior Court Rule ("USCR") 31.3 (B) hearing, "must make three affirmative showings as to each independent offense or act it seeks to introduce." *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). Specifically, the State must show

that it is seeking to introduce the evidence for a permissible purpose; there is sufficient evidence that the accused committed the independent offense or act; and there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.

(Footnote omitted.) *Mattox v. State*, 287 Ga. App. 280, 282 (1) (651 SE2d 192) (2007).

During the hearing, the State presented evidence of a robbery

that had occurred in Alabama only days before the CVS robbery that showed Bishop had gone to a gas station, threatened the clerks with a gun, jumped behind the counter, and taken the money out of the cash register. The incident was captured on videotape, and a witness identified Bishop. Bishop viewed the videotape before the hearing, and the eyewitnesses from the Alabama robbery were present to identify Bishop. The State included the arrest warrant with its notice because the case had not yet been indicted in Alabama, given that Bishop was arrested in the CVS robbery before the Alabama warrant had been issued. The State maintained that the two crimes were similar because "this is also a robbery in broad daylight [with] no disguise."

We agree with the trial court that this evidence was admissible for the purpose of showing a common scheme or plan, or a modus operandi, that there was sufficient evidence to find that Bishop was the person who committed the act, and that there was sufficient similarity between the Alabama crime and the crimes charged. Thus, the trial court did not abuse its discretion in admitting evidence of the similar transaction. See *Woods v. State*, 275 Ga. App. 340, 342 (1) (a) (620 SE2d 609) (2005) (concluding that details of prior crime were admissible as similar transaction evidence where prior crime involved circumstances similar to those giving rise to defendant's current theft charges, even though defendant had not been prosecuted for prior crime).

Bishop's contention that the trial court failed to make findings of fact about his identity as the perpetrator in the Alabama robbery, or that the crimes were sufficiently similar is also meritless. The trial court specifically found that the State had both shown that the evidence was sufficient — crime scene videotape and eyewitnesses — to identify Bishop as the perpetrator in the Alabama robbery, and that the crimes were sufficiently similar.

2. Bishop also contends that the trial court erred in expanding its charge on similar transaction beyond the purposes for which the prior crime was admitted. We find no error in the trial court's charge to the jury on the use of the similar transaction evidence. Bishop did not object to the limiting instruction given before the admission of the similar transaction evidence and again in its final charge. Bishop's failure to object to the trial court's charge results in a waiver "unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties." OCGA § 17-8-58 (b).

Despite the lack of objection below, however, the expansion of the jury instructions was raised in Bishop's amended motion for new trial and enumerated as error on appeal. In accordance with our Supreme Court's recent decision in *State v. Kelly*, 290 Ga. 29, 32 (1) (718 SE2d 232) (2011), and the mandate of OCGA § 17-8-58 (b), we

must review the charge to determine whether it constituted plain error. Id. at 32 (1). Although Bishop does not argue in his appellate brief that plain error resulted from the "so-called" expansion of instruction on similar transaction evidence, upon our review under the standard set forth in *Kelly*, we discern no plain error. See *Bellamy v. State*, 312 Ga. App. 899, 901 (1) (720 SE2d 323) (2011).

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED MARCH 15, 2012.

*Suellen Fleming*, for appellant.

*Peter J. Skandalakis, District Attorney, David P. Taylor, Assistant District Attorney*, for appellee.