**FOURTH DIVISION
DOYLE, P. J.,
MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**July 8, 2014**

# In the Court of Appeals of Georgia

A14A0513. EVANS v. THE STATE.

MILLER, Judge.

Following a jury trial, Kelvin Lanier Evans aka Kevin Lee Woods was convicted of one count of entering an automobile (OCGA § 16-8-18) and one count of attempt to enter an automobile.[1] (OCGA §§ 16-4-1; 16-8-18) Evans appeals from the denial of his motion for a new trial, contending that the trial court erred in: (1) admitting certain similar transaction evidence; (2) restricting Evans's voir dire of prospective jurors; and (3) refusing to grant a mistrial after striking evidence of at least five similar incidents from the record. For the reasons that follow, we affirm.

---

[1] The jury acquitted Evans of one additional count of entering another automobile, the trial court directed a verdict for Evans on four counts, and the State nolle prossed the remaining count.

Viewed in the light most favorable to conviction,[2] the evidence shows that on March 18, 2008, Martin Fagan arrived at Joey D's Oak Room about 7:00 p.m. for a business dinner. The restaurant is located in DeKalb County near Perimeter Mall.

That evening, Fagan was driving his 2002 BMW 530I, he stopped at the restaurant, and he left his Tumi briefcase in the backseat. Fagan's briefcase contained his Latitude laptop computer, his glasses and some work files. When Fagan returned to his car after dinner, he saw that the rear passenger window was broken and his briefcase and all of its contents were missing. Fagan did not give Evans or anyone else permission to enter his vehicle that night.

On the night in question, Joey D's had numerous surveillance cameras that recorded video of areas around the restaurant including the parking lot. The cameras showed a white vehicle entering the parking lot and backing into a space next to a Pontiac Firebird. Two men got out of the vehicle and began walking around the parking lot.

One of the men attempted to break the windows of the Firebird. Meanwhile, the other man, who had exited the white vehicle empty handed, ran across the parking lot and returned to the white vehicle with a briefcase in one hand. Both men got back

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2

into the white vehicle and sped away from the scene. The still shots taken from the recorded video, which the jury viewed, clearly show the men who committed the crimes.

1. Evans contends that the trial court erred in admitting similar transaction evidence of his involvement in three prior incidents of entering an automobile. We discern no error.

"Uniform Superior Court Rule 31.3 (B) requires the trial court to hold a pretrial hearing to determine the admissibility of any similar transaction evidence the State intends to offer at trial." *Johnson v. State*, 289 Ga. 22, 25 (2), n.2 (709 SE2d 217) (2011). At the pretrial hearing, the State has the burden of showing

> that it seeks to introduce the evidence for an appropriate purpose; that there is sufficient evidence to establish that the accused committed the independent act; and that there is a sufficient connection or similarity between the independent act and the crime charged so that proof of the former tends to prove the latter.[3]

---

[3] This case was tried under the old Evidence Code. Under the new Evidence Code, the provisions governing the admission of similar transaction evidence have changed. See .OCGA § 24-4-404 (b). These changes, however, are applicable to cases tried after January 1, 2013. See Ga. L. 2011, p. 99 § 101.

(Citations omitted.) Id. at 24 (2). "In assessing the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate act and the crimes in question." (Citation omitted.) Id. Moreover, "there can be a substantial variation of circumstances where there exists a logical connection between crimes which are essentially dissimilar." (Punctuation and footnote omitted.) *Mattox v. State*, 287 Ga. App. 280, 282 (1) (651 SE2d 192) (2007). We review the trial court's decision to admit similar transaction evidence for any abuse of its discretion and the trial court's factual findings as to the similarity of the incidents under a clearly erroneous standard. *Holloman v. State*, 291 Ga. 338, 343 (6) (729 SE2d 344) (2012).

Here, the trial court held a pretrial hearing at which the State proffered evidence of three similar transactions involving Evans for the purpose of showing identity, plan, scheme and bent of mind.[4] The first similar transaction involved a charge of entering an automobile in August 2002 in a Fulton County shopping center located on Peachtree Road. In that case, the State proffered that the victim's car was

---

[4] As more fully set forth in Division 3 below, the trial court, during Evans's trial struck the evidence of the third similar transaction, and Evans moved for a mistrial. The trial court denied Evans's motion, but instructed the jury to disregard the evidence of the third incident.

broken into and his briefcase was stolen, an officer pulled over a car in which Evans, his co-defendant in this case, and another individual were riding, and the officer found the victim's briefcase.[5]

The State proffered that the second similar transaction involved the October 2002 theft of multiple laptops and briefcases from cars in the Perimeter Mall area in DeKalb County; resulted in multiple charges which included entering an automobile; and showed a pattern of multiple crimes committed on the same day with the same co-defendant in this case and the same mode of operation – breaking the window and taking laptops and briefcases. The State further proffered that Evans and his co-defendant in this case were found guilty after a jury trial in which an eyewitness positively identified Evans as the person he saw break into a car in a restaurant parking lot. After the eyewitness alerted police, Evans and his co-defendant were found in a shopping center parking lot with the stolen goods.[6]

---

[5] Although the Fulton County incident was eventually dead docketed, "[i]t is well settled that there need not be a criminal charge or conviction relating to a similar offense for it to be admissible." (Citations and punctuation omitted.) *Hill v. Suto*, 298 Ga. App. 677, 680 (2) (680 SE2d 702) (2009).

[6] The second similar transaction involved Evans's conviction under his alias Kevin Lee Woods. *See Woods v. State*, 275 Ga. App. 340 (640 SE2d 609) (2005) (affirming Evans's convictions on two counts of entering an automobile).

The State proffered that the third similar transaction occurred in February 2008 in a hospital parking deck; involved the same mode of theft – breaking into the victim's car by damaging the window and taking goods from the car, including the victim's Prada purse; and resulted in a guilty verdict at trial. The State further proffered that it planned to offer a video of this incident showing Evans carrying the victim's purse. The trial court accepted the State's proffer, and admitted evidence of the three similar transactions over trial counsel's ongoing objection.

As set forth above, the decision to admit similar transaction evidence is within the trial court's discretion and that decision will not be disturbed absent an abuse of discretion. See *Matthews v. State*, 294 Ga. 50, 52 (3) (a) (751 SE2d 78) (2013). Here, the trial court properly concluded that the State introduced the similar transactions for a proper purpose—to show identity, plan, scheme and bent of mind; there was sufficient evidence that Evans committed the independent offenses; there was a sufficient connection or similarity between the independent offenses; and the probative value outweighed the prejudicial effect. Notably, the similar transactions involved crimes that were almost identical to the crimes in this case —the breaking of car windows in parking lots, and the theft of a briefcase, laptop or other items from those cars. Accordingly, there is no evidence to dictate that the trial court abused its

discretion in admitting evidence of the similar transactions. See *Woods*, supra, 275 Ga. App. at 342 (1) (holding that trial court did not abuse its discretion in admitting similar incidents for the purpose of showing identity, plan, scheme, and bent of mind).

2. Evans contends that the trial court erred in prohibiting him from questioning potential jurors to determine if evidence of his prior convictions would prejudice them in evaluating the evidence in this case. We disagree.

With regard to the trial court's limitation on voir dire, Evans was entitled under OCGA § 15-12-133 to examine the individual jurors as to any matter or thing that would illustrate any bias of the juror in the case. See *Stell v. State*, 210 Ga. App. 662 (1) (436 SE2d 806) (1993). However, hypothetical questions involving evidence, such as the question in this case, that would require a response from a juror that might amount to a prejudgment of the case are improper and should be excluded from voir dire. See id; see also *Anderson v. State*, 236 Ga. App. 679, 682 (3) (513 SE2d 235) (1999) (prejudgment questions may not be asked in voir dire). Accordingly, the trial court did not err in prohibiting defense counsel's examination of the prospective jurors regarding their possible reaction to Evans's prior convictions.

3. Evans contends that the trial court should have granted his motion for a mistrial after striking evidence of other incidents of entering automobiles. We do not agree.

After the State rested its case, Evans moved for a mistrial based on the trial court's admission of the August 2002 and the February 2008 similar transactions, arguing that the evidence presented by the State during trial differed from the State's pretrial proffer. The trial court struck the evidence from the February 2008 similar transaction. The trial court denied Evans's motion for a mistrial, and ruled that evidence of the first two similar transactions in August 2002 and October 2002 were admissible.

Evans then moved for a directed verdict on four of the eight counts charged in Evans's indictment. The trial court granted Evans's motion for a directed verdict on Counts 2, 4, 5, and 8 of the indictment, finding that there was insufficient evidence to justify a finding beyond a reasonable doubt that Evans's committed those offenses. The trial court then denied Evans's renewed motion for a mistrial, and, without objection, instructed the jury to disregard evidence of the additional counts which resulted in directed verdicts, as well as the evidence of the third similar transaction.

8

The circumstances of this case do not show that the trial court abused its discretion in denying Evans's motion for a mistrial.

"The decision to grant a mistrial is within the discretion of the trial court and will not be disturbed on appeal unless there is a showing that a mistrial is essential to the preservation of the right to a fair trial." (Citation omitted.) *Jackson v. State*, 292 Ga. 685, 689 (4) (740 SE2d 609) (2013); see also *Norwood v. State*, 252 Ga. 292, 294 (3) (313 SE2d 98) (1984) (denial of mistrial does not constitute grounds for reversal unless mistrial is mandated to ensure fair trial). Prejudice in the minds of the jury cannot be assumed merely because the trial court grants a directed verdict on some of the charged crimes. See *Harbin v. State*, 193 Ga. App. 248, 251 (5) (387 SE2d 367) (1989).

Here, the trial court's instruction to the jury to disregard evidence of the third similar transaction and the counts on which the trial court directed a verdict was sufficient to correct any error in admitting this evidence during the State's case in chief. See *Rucker v. State*, 293 Ga. 116, 121 (2) (744 SE2d 36) (2013) (curative instruction sufficient to correct any error); *Dulcio v. State*, 292 Ga. 645, 648 (2) (740 SE2d 574) (2013) (no abuse of discretion in failing to grant mistrial where trial court instructed jury to disregard stricken comments). Moreover, the fact that the jury

9

acquitted Evans on one of the three remaining counts showed that the jurors were not prejudiced by evidence of the other crimes. See *Smith v. State*, 271 Ga. 507, 508 (3) (521 SE2d 562) (1999) (lack of apparent prejudice where jury acquitted defendant on malice murder and convicted instead on felony murder). Accordingly, Evans has not shown that a mistrial was essential to the preservation of his right to a fair trial.

*Judgment affirmed. Doyle, P. J., and Dillard, J., concur.*