In the Supreme Court of Georgia

Decided:   October 6, 2014

S14A1422.   SCRUGGS v. THE STATE.

THOMPSON, Chief Justice.

Appellant Phillip Scruggs was convicted of malice murder and other crimes in connection with the torching and burning of his longtime girlfriend, Elisa Davenport.[1]  He appeals, asserting, inter alia, the trial court erred in admitting similar transaction evidence.  Finding no error, we affirm.

1.  Appellant and the victim lived together in an apartment.  Neighbors could hear them fight with one another almost every day.  On the day in question, appellant poured a medium petroleum distillate on the victim and set

---

[1] The crimes occurred on August 18, 2009; the victim died on August 29.  Appellant was indicted on July 15, 2010, and charged with malice murder, three counts of felony murder, arson in the first degree, aggravated assault with intent to murder and aggravated assault.  Trial commenced on February 14, 2011; the jury returned its verdict on February 22 finding appellant guilty on all counts.  The trial court sentenced appellant to life without parole for malice murder; it vacated and merged the remaining counts.  See Malcolm v. State, 263 Ga. 369 (434 SE2d 479) (1993).  Appellant's timely filed motion for a new trial was denied on May 29, 2013.  A notice of appeal was filed on June 26, 2013.  The case was docketed in this Court for the September 2014 Term and submitted for a decision on the briefs.

her on fire because he believed she was "cheating" on him.  He also burned down the victim's apartment building with a Molotov cocktail filled with the same type of distillate.  Emergency personnel, including police officer Eric Hogan, arrived at the scene and found the victim, who was critically burned on her neck, torso, upper arms and thighs, lying in the dirt at the back of the apartment building.  The victim told the officer and a neighbor that "Phillip Scruggs" "poured kerosene on me."  She told an EMT that her boyfriend burned her.  Shortly thereafter, appellant was arrested at a nearby convenience store.  He had minor burns on his face.  Traces of a medium petroleum distillate were found on his shorts, belt and shirt.  The victim died 11 days later.

The evidence was sufficient to enable any rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder.  Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); Sharpe v. State, 291 Ga. 148, 149 (1) (728 SE2d 217) (2012).

2.  Appellant asserts the trial court erred in permitting the State to introduce similar transaction evidence demonstrating that, in 1995, following an argument with his sister, appellant attempted to burn down his sister's house with a Molotov cocktail filled with a medium petroleum distillate.  We review

2

the trial court's decision using an abuse of discretion standard. Leslie v. State, 292 Ga. 368, 370 (738 SE2d 42) (2013).

Under Williams v. State, 261 Ga. 640, 642 (409 SE2d 649) (1991), prior crime evidence is admissible if the state can make three affirmative showings: (1) it is introducing evidence of the independent act for a proper purpose, (2) there is sufficient evidence to establish that the accused committed the independent act, and (3) there is sufficient connection or similarity between the independent act and the crime charged so that proof of the former tends to prove the latter.[2] The State made these affirmative showings below. The similar transaction evidence was introduced for the proper purpose of showing appellant's intent, bent of mind, course of conduct and identity. See Evans v. State, __ Ga. App. __ (1) (__ SE2d __) (A14A0513, decided July 8, 2014). Appellant's identity as the perpetrator of the 1995 incident was established by a certified copy of his guilty plea and conviction for terroristic threats. See Matthews v. State, 294 Ga. 50, 52-53 (751 SE2d 78) (2013). There is a

---

[2] Because appellant was tried in 2011, we do not apply the new Evidence Code, which became effective on January 1, 2013, and which allows admission of "[e]vidence of other crimes, wrongs, or acts" for purposes "including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." OCGA § 24-4-404 (b).

sufficient connection between the 1995 incident and the crimes charged so that proof of the former tends to prove the latter. See generally Moore v. State, 288 Ga. 187, 190-191 (702 SE2d 176) (2010).

Appellant asserts the trial court erred in admitting the similar transaction evidence because it differed from the crime charged in several respects. However, the independent act need not be identical to the crime charged. Rather, when considering the admissibility of similar transaction evidence, a reviewing court focuses on the similarities, not the differences between the crimes. Johnson v. State, 289 Ga. 22, 24 (709 SE2d 217) (2011). There are clear similarities here: the victims were women with whom appellant had a close relationship; in both cases, appellant acted out of anger; and the choice of a unique weapon, a Molotov cocktail, was the same. Finally, we note that the trial court instructed the jury with regard to the limited purpose of the similar transaction evidence both before the evidence was introduced and in its charge to the jury. In sum, the trial court did not abuse its discretion in allowing the State to introduce evidence that appellant attempted to burn down his sister's house.

3. The victim's daughter and two of the victim's siblings were permitted

to testify the victim told them on several occasions that appellant physically abused her during the course of their relationship. Appellant contends these statements were inadmissible hearsay because, although they were admitted from necessity, they were not surrounded by particularized guarantees of trustworthiness. We disagree.

> In order for hearsay to be admitted under the necessity exception, two requirements must be satisfied: "necessity" and "particularized guarantees of trustworthiness." [Cits.] "Necessity" is demonstrated when the declarant is deceased, when the statement is shown to be relevant to a material fact, and when the statement is more probative of the material fact than other evidence that may be produced and offered. [Cit.] The requirement of "particularized guarantees of trustworthiness" is satisfied when the declaration is coupled with "circumstances which attribute verity to [the declaration]." [Cit.] The determination of trustworthiness is "inescapably subjective" and the trial court's determination of the issue will not be disturbed absent an abuse of discretion. [Cit.]

Watson v. State, 278 Ga. 763, 765 (2) (a) (604 SE2d 804) (2004).

Whether a statement is trustworthy is a matter for the trial court's discretion. Culmer v. State, 282 Ga. 330, 331 (647 SE2d 30) (2007). The trial court did not abuse its discretion in this case. The statements exhibited particularized guarantees of trustworthiness given the close, personal, family relationships between the victim and the witnesses. Watson v. State, supra, 278

5

Ga. at 765-766. The witnesses were not casual acquaintances of the victim. They were the victim's only child, her brother and her sister. The victim spoke with her child and brother almost daily; she spoke with her sister four or five times a week. The victim confided in the witnesses and they confided in her. See Jackson v. State, 284 Ga. 826, 827 (672 SE2d 640) (2009) (statements by victim to his father and brother, whom victim was close to, confided in and trusted, bore guarantees of trustworthiness).

4. During the trial, an intern with the district attorney's office observed a juror go to the auto repair shop where appellant worked and speak with the owner of the shop, who had testified at trial. When the juror's conduct was brought to the trial court's attention, the trial court removed the juror from the panel and replaced him with an alternate juror. Appellant asserts the trial court abused its discretion in removing the juror. However, appellant did not object to the removal of the juror. In fact, appellant joined in the prosecutor's motion to have the juror removed. He cannot now be heard to complain that the trial court complied with his request. Norton v. State, 293 Ga. 332, 336 (5) (745 SE2d 630) (2013).

Judgment affirmed. All the Justices concur.